IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KAREN L BISHOP,

                Plaintiff,

v.                                    CIVIL ACTION NO.   2:24-cv-115

STATE OF WEST VIRGINIA, et al.,

                Defendants.


MEMORANDUM OPINION AND ORDER

Pending before the court is the Application to Proceed Without Prepayment of Fees or Costs filed by Plaintiff Karen L. Bishop ("Plaintiff"), who is proceeding pro se, [ECF No. 1], and a Motion to Amend Complaint, [ECF No. 7].   When a party applies to proceed in forma pauperis—meaning, without paying the applicable fees and costs— the Court is obliged by federal statute to screen the case and to dismiss any claim by Plaintiff that is frivolous, malicious, fails to state a plausible claim for relief, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and a Standing Order, this civil case, including the above motion, was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition. On June 27, 2024, Judge Tinsley submitted proposed findings and

recommended that this court deny Plaintiff's Application to Proceed Without Prepayment of Fees or Costs. [ECF No. 4]. Plaintiff timely filed objections to the proposed findings and recommendations ("PF&R"), on July 12, 2024, [ECF No. 7].

The court has reviewed *de novo* those portions of the PF&R to which the plaintiff objects. For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's proposed findings. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, [ECF No. 2], is **DENIED**, and this case is **DISMISSED** from the docket of the court. Accordingly, Plaintiff's Motion to Amend Complaint, [ECF No. 7], is **DENIED as moot**.

## I.    Background

On March 11, 2024, Plaintiff initiated the instant civil action by filing an Application to Proceed Without Prepayment of Fees and Costs, [ECF No. 1], and Complaint, [ECF No. 2]. Plaintiff asserts that she owns Star, a four-year-old mare she characterizes as a "federally protected wild mustang." [ECF No. 2, at 2]. Plaintiff alleges in the Complaint that, on November 29, 2023, she and Defendant Robert P. Valle ("Defendant") entered into a written contractual agreement for Star's transport. [ECF No. 2-1, at 2]. The relevant terms of the Contractual Agreement (the "Contract") attached to the Complaint provide at Section I that Valle's Transport, LLC—the "Transporter"—agreed to ship Star from a specific address in Saint Johns, Arizona, to another address in Brooker, Florida, "[d]eparting on or about the 15th day of December 2023 and arriving on or about the 15th day of December 2023." [ECF No. 2-1, at 2]. At Section II of the Contract— labeled therein as "Owner Agreement"—

Plaintiff as the "Owner," agreed to, among other things, pay "the Transporter the sum [of] $2,000.00 U.S. Dollars for the transport[.]" *Id.* at 3. The Owner Agreement section of the Contract included several additional terms, including that "[a] deposit of a minimum of 50% of the shipping fee must be received in advance for the reserving of stalls," with the remaining balance to be paid "at pick-up or at delivery PRIOR to unloading any horse." *Id.* at 4. The Agreement then stated that "[n]o exceptions will be made" and that "[o]nly Cash will be accepted unless other payment methods have been discussed." *Id.*

Plaintiff claims that Defendant breached the Contract by failing to deliver Star to her address. [ECF No. 2, at 1]. Instead, it is alleged that Defendant transported Star to his own residence in West Virginia. *Id.* at 2. Though the Complaint does not address what provisions of the Contract were violated, Plaintiff concedes she was unable to pay the remaining balance at the time of delivery as agreed due to Mr. Valle's unexpected arrival in Florida "two days earlier" than anticipated. *Id.*

Despite limited factual assertions in the Complaint, Plaintiff names: (1) Robert Valle; (2) Robert Valle, LLC; (3) the State of West Virginia; (4) Dan Holstein, District Attorney; and (5) William S. Thompson, United States Attorney as Defendants. *Id.* at 1. Plaintiff's Complaint names "Robert Valle" as "the primary individual responsible for the misconduct." *Id.* at 2. Aside from direct allegations regarding Defendant and his limited-liability company, the Complaint is devoid of any meritorious allegations against the Boone County Magistrate (who the Plaintiff initially alleged was involved in the misconduct), and all together omits Mr. Holstein and Mr. Thompson. In

3

Plaintiff's proposed amended complaint, she notes that the inclusion of these additional parties has the potential to dilute her claim and seeks to amend to exclusively implicate Mr. Valle and his LLC. [ECF No. 7 at 4].

Plaintiff's prayer for relief at this stage is not monetary damages, but "the safe and prompt return of Star" and thus requests the court order the release of Star into Bishop's care. *Id.* As detailed by the assigned magistrate, I take judicial notice of the civil action styled Karen L. Bishop v. Valle's Transport LLC and Robert P. Valle, filed as Case No. 24-M03C-00008 in the Magistrate Court of Boone County, West Virginia (the "Boone County case"). See *Brown v. Cabell Cty. Bd. of Educ.*, 3:09-cv-0279, 2009 WL 1470471, at *2 (S.D. W. Va. May 22, 2009) (citation omitted) (explaining that the court is permitted to take judicial notice of matters of public record). Specifically, the court notes that Plaintiff's near identical Contract agreement and cause of action was at issue here.

In the Boone County case, Defendant responded by denying all allegations and asserting a counterclaim against Plaintiff for the $1,000.00 original transport cost in accordance with the Contract. On February 23, 2024, Boone County Magistrate Neil Byrnside entered a Civil Judgment Order in favor of Defendant. The Civil Judgment Order expressly stated that "[t]he Plaintiff is to pay $1,000.00 to the Defendant [Mr. Valle] first before the delivery of the horse."[1]  Plaintiff then initiated the instant civil action just seventeen days later, on March 11, 2024. *See* [ECF Nos. 1–2]. On June 27,

---

[1] Records from the Boone County Case as referenced herein have been filed on the docket in this matter pursuant to the undersigned's Order, entered contemporaneously with the instant Proposed Findings and Recommendation.

2024, Judge Tinsley submitted proposed findings and recommended that this court deny Plaintiff's Application to Proceed Without Prepayment of Fees or Costs and dismiss the case from the court's docket. [ECF No. 4]. Plaintiff timely filed her objections[2] to the PF&R. [ECF No. 7]. The matter is now ripe for review. Though filed as a Motion to Amend Complaint, the court will construe the Plaintiff's motion as objections to the Magistrate's proposed findings and recommendations ("PF&R"). The court deems Plaintiff's objections to the proposed PF&R timely.

## II.    Legal Standard

When a magistrate judge issues a recommendation on a dispositive matter, a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). In reviewing those portions of the PF&R to which Ms. Bishop has objected, I will consider the fact that Ms. Bishop is acting pro se and will accord her pleadings liberal construction. *Estelle*, 429 U.S. at 106; *Loe*, 582 F.2d at 1295. This court is not, however, required to review—under a *de novo* or any other standard—the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

---

[2] Though Plaintiff's objections were styled as a Motion to Amend Complaint, I note that Plaintiff is proceeding pro se in this matter. As such, I afford her pleadings more liberal consideration than I would if they were filed by counsel. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978). Accordingly, I will construe the assertions raised in her Motion to Amend as objections.

### III.    Discussion

In her Motion to Amend, [ECF No. 7], Ms. Bishop raises one specific objection to Judge Tinsley's findings in the PF&R. Upon *de novo* review, I agree with Judge Tinsley's factual findings and overrule the objection.

Though I am not required to review unobjected to conclusions of the magistrate judge, I note that Judge Tinsley's conclusions regarding jurisdiction are entirely correct. As found by Judge Tinsley, federal district courts are precluded from reviewing "cases brought by [1] state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). That is exactly what Plaintiff attempts here. The *Rooker-Feldman* doctrine determines this court subject-matter jurisdiction and dismissal is proper.

### IV.    Conclusion

For the foregoing reasons, the court (1) **DENIES** the Application to Proceed Without Payment of Fees and Costs, [ECF No. 1], (2) **DENIES as explained** Plaintiff's Motion to Amend Complaint, [ECF No. 7], and (3) **DISMISSES** this matter from the court's docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      October 23, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE